IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AVIALL SERVICES, INC., | § | |
| | § | |
| Plaintiff-counterdefendant, | § | |
| | § | Civil Action No. 3:97-CV-1926-D |
| VS. | § | |
| | § | |
| COOPER INDUSTRIES, LLC, | § | |
| | § | |
| Defendant-counterplaintiff. | § | |

MEMORANDUM OPINION
AND ORDER

The court must decide whether a private potentially responsible person ("PRP") under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. §§ 9601-9675, can bring a cost recovery or contribution action under CERCLA § 107(a) or under federal common law against another PRP. The court holds that it cannot.

I

The court assumes the parties' familiarity with the background facts and extensive procedural history of this case. It therefore briefly summarizes the case and adds pertinent background facts and procedural history to assist in understanding today's decision.

Cooper owned four sites at which it operated an aircraft engine maintenance business. *Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 163 (2004). In 1981 it sold the business to Aviall, who later discovered that both Aviall and Cooper had contaminated the soil and groundwater at the sites with hazardous

substances.  *Id.*[1]  Aviall later sold the properties but retained contractual liability for the cleanup.

During the period when Aviall was the owner, it notified the Texas Natural Resource Conservation Commission ("TNRC") of the pollution.  *Id.* at 164.  TNRC advised Aviall that it was violating state environmental laws, directed it to clean up the site, and threatened enforcement action if Aviall failed to undertake remediation.  *Id.*  Aviall voluntarily cleaned up the properties, and neither the Environmental Protection Agency ("EPA"), TNRC, nor any other governmental entity has undertaken judicial or administrative measures against Aviall or Cooper.  *Id.*  No third party has sued Aviall or Cooper concerning any of the conditions or the facilities.

Aviall sued Cooper in this court seeking to recover the cleanup costs it had expended and those that it anticipated incurring in the future.  *Id.*  It asserted claims for cost recovery under CERCLA § 107(a), for contribution under CERCLA § 113(f)(1), and for a declaratory judgment under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and it alleged various pendent state-law claims.[2]  *Id.*  Aviall amended its complaint,

---

[1]One of the four sites is contaminated with petroleum hydrocarbons, and the parties have stipulated that Aviall does not seek to hold Cooper liable under CERCLA for the cleanup costs incurred at this site.

[2]Aviall sought relief based on theories of breach of contract; breach of express warranty; contractual indemnification;

dropping the independent § 107(a) claim and alleging instead under § 113(f)(1) that it was entitled to seek contribution from Cooper as a PRP under § 107(a) for response costs and other liability. *Id.*

Both parties moved for summary judgment, and the court held that Aviall could not maintain a § 113(f)(1) claim because it had not alleged any prior or pending CERCLA enforcement action against it. *See Aviall Servs., Inc. v. Cooper Indus., Inc.*, 2000 WL 31730, at *4 (N.D. Tex. Jan. 13, 2000) (Fitzwater, J.), *rev'd*, 312 F.3d 677 (5th Cir. 2002) (en banc), *rev'd*, 543 U.S. 157 (2004).  The court dismissed the claim without prejudice. *Id.*  The CERCLA claim was the sole basis for the court to exercise subject matter jurisdiction (the parties are not diverse).  Having dismissed that claim on the merits, the court declined in its discretion to exercise supplemental jurisdiction over Aviall's pendent state-law causes of action. *Id.* at *5.

Although a panel of the Fifth Circuit initially affirmed,[3] the

_____

declaratory judgment; contribution under CERCLA § 113(f)(1); contribution under § 361.344(a) of the Texas Solid Waste Disposal Act, Tex. Health & Safety Code Ann. § 361.344(a) (Vernon 1992 & Supp. 2000); contribution under § 26.3513(j) of the Texas Water Code, Tex. Water Code Ann. § 26.3513(j) (Vernon 1998 & Supp.2000); quantum meruit; and attorney's fees.  *See Aviall Servs., Inc. v. Cooper Indus., Inc.*, 2000 WL 31730, at *1 (N.D. Tex. Jan. 13, 2000) (Fitzwater, J.), *rev'd*, 312 F.3d 677 (5th Cir. 2002) (en banc), *rev'd*, 543 U.S. 157 (2004).

[3]*Aviall Servs., Inc. v. Cooper Indus., Inc.*, 263 F.3d 134 (5th Cir. 2001), *reh'g granted en banc*, 278 F.3d 416 (5th Cir. 2001), *rev'd*, 312 F.3d 677 (5th Cir. 2002) (en banc), *rev'd*, 543 U.S. 157

*en banc* Fifth Circuit reversed, holding that § 113(f)(1) authorizes a PRP to seek contribution from other PRPs for cleanup costs when no civil action has been brought under § 106 or § 107(a). *Aviall Servs., Inc. v. Cooper Indus., Inc.*, 312 F.3d 677, 691 (5th Cir. 2002) (en banc), *rev'd*, 543 U.S. 157 (2004). The Supreme Court granted certiorari, *Cooper Industries, Inc. v. Aviall Services, Inc.*, 540 U.S. 1099 (2004), and reversed and remanded, holding that § 113(f) "authorizes contribution claims only 'during or following' a civil action under § 106 or § 107(a), and it is undisputed that Aviall has never been subject to such an action." *Cooper Indus.*, 543 U.S. at 168.

Aviall and *amicus* Lockheed Martin Corporation contended in the Supreme Court that if Aviall could not recover under § 113(f), it could do so under § 107(a), despite its PRP status. *Id.* The Court noted that neither this court, the Fifth Circuit panel, nor the *en banc* Fifth Circuit had considered a § 107(a)claim. *Id.* It concluded that both the § 107(a) claim and the question whether Aviall had waived the claim "merit[ed] full consideration by the courts below." *Id.* at 169 ("Both the question whether Aviall has waived this claim and the underlying § 107 question (if it is not waived) may depend in part on the relationship between §§ 107 and 113."). Accordingly, the Court remanded for further proceedings consistent with its opinion. Two justices dissented, stating that

─────────────────

(2004).

the Court "unnecessarily defers decision on Aviall's entitlement to recover cleanup costs" under § 107. *Id.* at 171-72 (Ginsburg, J., dissenting). The dissenting justices indicated that they viewed § 107 as providing a cause of action for PRPs to recover from other PRPs. *See id.*

On remand to the Fifth Circuit, the *en banc* court ordered the case remanded to this court "with instructions to permit Aviall . . . to amend its complaint, if necessary, to assert, free of any challenge of waiver or forfeiture, whatever statutory claims it urges in light of the Supreme Court's decision, without prejudice to Cooper['s] . . . other defenses." *Aviall Servs., Inc. v. Cooper Indus., Inc.*, No. 00-10197, order at 1-2 (5th Cir. Feb. 15, 2005) (en banc) (order).[4]

Under the Fifth Circuit's order, this court permitted Aviall to file its third amended complaint ("third complaint").[5]  Aviall

_____

[4]In response to the Fifth Circuit's order, Cooper filed in the Supreme Court a petition for a writ of mandamus.  It maintained that the Fifth Circuit contravened the Supreme Court's mandate "when, without the benefit of any substantive briefing or argument, [the Fifth Circuit] issued a remand order to 'permit Aviall . . . to amend its complaint . . . free of any challenge of waiver or forfeiture' despite [the Supreme] Court's express determination that the 'preliminary waiver question' should, on remand from [the Supreme] Court, receive 'full consideration by the courts below.'" Pet. for Writ of Mandamus, *In re Cooper Indus., Inc.*, 544 U.S. 1031 (2005) (No. 04-1182).  Pending disposition of the petition in the Supreme Court, this court stayed the proceedings until the Supreme Court denied mandamus on May 16, 2005.  *See id.*

[5]Cooper "respectfully recognizes that the Fifth Circuit's instruction allowing Aviall to assert CERCLA statutory claims 'free of any challenge of waiver or forfeiture' precludes this Court from

sues Cooper on theories of cost recovery under CERCLA § 107(a), 42 U.S.C. § 9607(a), for response costs incurred or to be incurred under CERCLA; in the alternative, contribution under CERCLA § 107, 42 U.S.C. § 9607; common law contribution under state and federal law to recover its response costs attributable to Cooper; contribution under the Texas Solid Waste Disposal Act, Tex. Health & Safety Code Ann. § 361.344(a) (Vernon 2001 & Supp. 2005); contribution under the Texas Water Code, Tex. Water Code Ann. § 26.3513(j) (Vernon 2000 & Supp. 2005); breach of contract; breach of warranty; contractual indemnification; declaratory judgment; quantum meruit; and attorney's fees.   Cooper asserts two counterclaims.   First, it seeks contribution under CERCLA § 113(f)(1) to the extent there have been any releases or threatened releases of hazardous substances within the meaning of § 107(a).   Second, Cooper sues for contractual indemnification, release, and breach of contract under Texas law.

The parties have filed several substantive motions, but the one logically addressed first is Cooper's motion for partial summary judgment on all federal claims.   If as a matter of law Aviall cannot recover against Cooper under CERCLA or federal common

---

further addressing Cooper's strong waiver defenses to Aviall's renewed CERLA § 107(a) claims at this time."  D. Br. 3 n.3. Although Aviall contends it "never dropped its § 107(a) [claim], . . . this point is moot," "[g]iven the Fifth Circuit's mandate."  P. Br. 2.  Pursuant to the Fifth Circuit's order, the court will not address the waiver issue.

law, the court will as before dismiss Aviall's federal-law claims and decline to exercise supplemental jurisdiction, and the parties can continue this litigation in state court based on state law. Cooper maintains that Aviall cannot bring a cost recovery action under CERCLA § 107(a) because it is a PRP and that Aviall has no right of contribution under § 107(a) or federal common law.  It argues that Aviall must seek contribution under § 113(f)(1), at the time when such an action can be maintained.[6]

## II

The court decides first whether Aviall can bring a cost recovery action under § 107(a).

## A

The parties contend this question has already been decided in this circuit.  Cooper points to three decisions that it argues foreclose Aviall's claim.  It cites the panel majority's opinion in *Aviall Services*, in which it observed that "[t]he § 107(a) cost recovery provision permits the government or an 'innocent' private party to recoup cleanup costs from PRPs." *Aviall Servs.*, 263 F.3d at 137.  Cooper relies on the panel's conclusion that "a PRP cannot file a § 107(a) suit against another PRP; it must pursue a contribution action instead." *Id.*  Under Fifth Cir. R. 41.3,

---

[6]Of course, under the Supreme Court's decision in *Cooper Industries*, such an action would presently be premature, because Aviall has not yet been subjected to a civil action under § 106 or § 107(a) of CERCLA.

- 7 -

however, "[u]nless otherwise expressly provided, the granting of a rehearing en banc vacates the panel opinion and judgment of the court and stays the mandate." The *en banc* court in *Aviall Services* did not adopt an exception to this Rule in abrogating the panel opinion. Accordingly, although perhaps suggestive of the views of some members of the Fifth Circuit, the panel decision in *Aviall Services* is not binding and does not foreclose Aviall from asserting a right to bring a cost recovery action under § 107(a).

Cooper also relies on *OHM Remediation Services v. Evans Cooperage Co.*, 116 F.3d 1574 (5th Cir. 1997). In *OHM Remediation* the Fifth Circuit reversed a summary judgment, holding, *inter alia*, that "section 113(f) contribution actions may only be brought by persons who are liable or potentially liable under CERCLA." *Id.* at 1582. The appellee had asserted three independent grounds for affirming the appellant's § 107(a) claim that the district court had not addressed. *Id.* at 1583. One ground was that, because the appellant was a PRP, it could not bring an action under § 107(a). *Id.* The Fifth Circuit declined to reach all three grounds, noting that they "involve[d] difficult questions of fact regarding the extent of cleanup and the nature of [appellant's] involvement with the site." *Id.* Cooper argues that the panel "acknowledged that the determination of [the appellant's] historic[al] 'involvement with the site'——*i.e.*, the factual question of whether [the appellant] was a PRP or an 'innocent party'——would be dispositive

of its ability to bring a § 107(a) cost recovery claim." D. Br. 6. The court rejects Cooper's construction of *OHM Remediation.* The panel explicitly expressed "no opinion on the separate question . . . whether a PRP may seek to hold other parties jointly and severally liable under § 107(a) for response costs." *OHM Remediation*, 116 F.3d at 1582 n.1. It is that question, which the *OHM Remediation* panel did not decide, that this court resolves today.

Finally, at oral argument, Cooper contended the Fifth Circuit's recent decision in *Elementis Chromium L.P. v. Coastal States Petroleum Co.*, 450 F.3d 607 (5th Cir. 2006), forecloses a PRP from bringing a cost recovery action under § 107(a). It cites language in which the panel explicitly agreed with the following holding of the Eleventh Circuit: "'[W]hen one liable party sues another liable party under CERCLA, the action is not a cost recovery action under § 107(a) . . . .'" *Id.* at 613 (quoting *Redwing Carriers, Inc. v. Saraland Apartments*, 94 F.3d 1489, 1513 (11th Cir. 1996)). The court disagrees with Cooper's reliance on *Elementis.* In *Elementis* the panel cited *Redwing Carriers* for the proposition that liability must be allocated under § 113(f)(1), that is, liability is not joint and several. *Id.* Indeed, *Elementis* held only that liability under § 113(f) is several, and it did not squarely decide whether a private PRP can bring a cost recovery action against another PRP under § 107(a).

B

For its part, Aviall maintains that the Fifth Circuit in *Tanglewood East Homeowners v. Charles-Thomas, Inc.*, 849 F.2d 1568 (5th Cir. 1988), expressly allowed a PRP to recover under § 107(a). It urges that since *Tanglewood* was decided, the Fifth Circuit has consistently recognized the right of PRPs to bring cost recovery actions under § 107(a). *See Aviall Servs.,* 312 F.3d at 683; *Geraghty & Miller, Inc. v. Conoco Inc.*, 234 F.3d 917 (5th Cir. 2000); *Amoco Oil Co. v. Borden, Inc.*, 889 F.2d 664 (5th Cir. 1989). The court disagrees. Although the question whether one PRP can bring a § 107(a) cost recovery claim against another PRP may have been "lurk[ing] in the record" in those cases, none squarely considered or decided it. *See Webster v. Fall*, 266 U.S. 507, 511 (1925) ("Questions which merely lurk in the record . . . are not to be considered as having been so decided as to constitute precedents.").

In *Tanglewood* the court granted an interlocutory appeal under 28 U.S.C. § 1292(b) for the limited purpose of determining whether the district court erred in rejecting defendants' motion to dismiss. *Tanglewood*, 849 F.2d at 1571. One argument that the appellant advanced on appeal was that some degree of governmental involvement was a necessary prerequisite for the application of § 107. *Id.* at 1575. In affirming the district court, the Fifth Circuit held, *inter alia*, that the plaintiffs, who were homeowners

who had purchased residential lots in a housing subdivision, had stated a claim for relief under § 107, because no "prior governmental involvement is a prerequisite to the recouping of response costs." *Id*. The court did not discuss, for instance, whether the plaintiffs qualified for the "innocent landowner defense" under § 107(b)(3) and thus were not PRPs. The possibility that the plaintiffs were PRPs was not mentioned in the opinion, much less litigated by the parties. *Cf. id.* at 1572-74 (deciding whether defendants were PRPs). Accordingly, *Tanglewood* did not decide the issue presented here.

Likewise, the other cases that Aviall cites do not support its contention that this question has been resolved. Even if the cases contain language that implicitly appears to endorse Aviall's view, none of the decisions expressly addressed the question whether a PRP could bring a cause of action under § 107. There is no indication that the issue was brought to the attention of the court or ruled on. The courts addressed distinct, even if related, questions regarding CERCLA. *See Aviall Servs.,* 312 F.3d at 682-83 (addressing whether PRPs could seek contribution from other PRPs under § 113); *Geraghty & Miller*, 234 F.3d at 924-25 (addressing which CERCLA statute of limitations applied to initial contribution action); *Amoco Oil*, 889 F.2d at 668 (addressing whether PRP was required to show that property's radioactive emissions violated quantitative threshold to establish release of hazardous substance

within meaning of § 107(a)(4)).[7]

In sum, "[t]he Fifth Circuit has not directly addressed the issue of precisely who may bring a claim under § 107(a)." *Vine Street LLC v. Keeling*, 362 F.Supp.2d 754, 763 (E.D. Tex. 2005).[8] Cooper's motion squarely presents that issue and the question whether Aviall can sue for cost recovery or contribution under CERCLA or federal common law.

III

The court now decides whether Aviall, a private PRP, can bring a cost recovery action against Cooper under § 107(a).

A

"The appropriate starting point when interpreting any statute is its plain meaning." *United States v. Elrawy,* 448 F.3d 309, 315 (5th Cir. 2006) (citing *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 242 (1989)). "The plain meaning of legislation

---

[7]Aviall also urges that the Supreme Court's decision in *Key Tronic Corp. v. United States*, 511 U.S. 809 (1994), recognized an independent cause of action for PRPs under § 107. *Key Tronic* addressed whether a PRP could claim attorney's fees in a contribution action brought against another PRP. It did not involve the question presented to this court: whether a private PRP can bring a § 107(a) cost recovery action against another PRP. *See also Cooper Indus.*, 543 U.S. at 170 ("[W]e are not prepared—as the dissent would have it—to resolve the § 107 question solely on the basis of dictum in *Key Tronic*.").

[8]The court of course respectfully disagrees with the conclusion of the able district court in *Vine Street* that a PRP can bring a cost recovery action under § 107(a), even though the court did so "in the unique circumstances of th[at] case." *Vine Street*, 362 F.Supp.2d at 761.

should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.'"  *Ron Pair Enters.*, 489 U.S. at 242 (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982)).

Section 107(a) provides, in relevant part:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this section——
>> (1) the owner and operator of a vessel or a facility,
>> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and
>> (4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for——
>>> (A) all costs of removal or remedial action incurred by the United States Government or a State or an Indian tribe not inconsistent with the national contingency plan;
>>> (B) any other necessary costs of response incurred by any other person consistent with the national

- 13 -

contingency plan . . . .

42 U.S.C. § 9607(a).

Cooper contends the second use of the word "other" in § 107(a)(4)(B)——"any other person"——serves to distinguish from the other persons identified in the preceding text of § 107(a) those who can bring a cost recovery action under § 107(a).  It maintains that § 107(a)(4)(B)'s reference to "any other person" "naturally means anyone not previously identified in this section of the statute." D. Br. 8.  The effect of this interpretation is to limit § 107(a) actions to the persons listed in § 107(a)(4)(A)——the United States Government, a State, or an Indian Tribe——and persons who are not PRPs.  Cooper reasons that because Aviall concedes it is a PRP within the meaning of § 107(a), Aviall does not qualify as one of the "other" persons who can bring a § 107(a) cost recovery action.

Aviall counters that, properly interpreted, the "any other person" to which § 107(a)(4)(B) refers includes anyone who is not designated in § 107(a)(4)(A), i.e., anyone other than the United States Government, a State, or an Indian Tribe, including PRPs.  It contends that because it is not the United States Government, a State, or an Indian Tribe, it falls within the class of "any other person" under § 107(a)(4)(B) who can bring a cost recovery action under § 107(a).

The parties also support their respective interpretations of

§ 107(a)(4)(B) by examining CERCLA as a whole.  This is a proper approach.  It is settled that to determine "the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole." *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988) (citing *Bethesda Hosp. Ass'n. v. Bowen*, 485 U.S. 399, 403-405 (1988); *Offshore Logistics, Inc. v. Tallentire*, 477 U.S. 207, 220-221 (1986)).  "It is 'a cardinal principle of statutory construction' that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" *TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quoting *Duncan v. Walker*, 533 U.S. 167, 174 (2001)).  The court "must, if possible, construe a statute to give every word some operative effect." *Cooper Indus.*, 543 U.S. at 167 (citing *United States v. Nordic Vill., Inc.,* 503 U.S. 30, 35-36 (1992)).

B

The court discerns the meaning of "any other person" in § 107(a)(4)(B) by examining CERCLA holistically.  Here, the court need only consult provisions of CERCLA——particularly those found in § 113(f)——to see that Cooper's reading of CERCLA is correct and Aviall's misplaced.

Under § 113(f)(2), "[a] party who has resolved its liability to the United States or a State in an administrative or judicially

approved settlement shall not be liable for claims for contribution regarding matters addressed in the settlement." *See also* § 122(g)(5) ("A person who has resolved its liability to the United States under this subsection shall not be liable for claims for contribution regarding matters addressed in the settlement."), § 122(h)(4) (same). Under § 113(f)(3)(B),

> [a] person who has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement may seek contribution from any person who is not party to a settlement . . . .

*Id.* The effect of these provisions is that

> PRPs, who choose to settle, gain protection from contribution, enjoy potentially favorable settlement terms, and retain the ability to seek contribution from other defendants. PRPs, who choose not to settle, are barred from seeking contribution from the settling PRPs and thus face potentially disproportionate liability. This system gives the United States obvious and important leverage to encourage quick and effective resolution of environmental disputes.

*In re Reading Co.*, 115 F.3d 1111, 1119 (3d Cir. 1997).

Were the court to interpret § 107(a) as Aviall does, a PRP could bring a cost recovery action under § 107(a) against a person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement and, under § 113(f)(2), for example, would not be liable for claims for contribution regarding matters addressed in the settlement. But

because, unlike § 113(f), a claim under § 107 is not for contribution, the settling person would not be entitled to the protection of § 113(f)(2). *See Centerior Serv. Co. v. Acme Scrap Iron & Metal Corp.*, 153 F.3d 344, 352 n.11 (6th Cir. 1998) ("[W]ere we to allow PRPs to seek joint and several cost recovery under § 107(a), they could do so against parties who had settled, and against whom they were precluded from seeking contribution . . . . Obviously such a result would be absurd . . . ."); *Reading*, 115 F.3d at 1119 (noting risk that "[c]onsent agreements would no longer provide protection, and settling parties would have to endure additional rounds of litigation to apportion their losses"). Thus Aviall's interpretation of § 107(a) would at a minimum render key provisions of § 113(f) superfluous, insignificant, or, in some instances, devoid of operative effect, violating a cardinal principle of statutory construction. *See TRW Inc.*, 534 U.S. at 31; *see also Cooper Indus.*, 543 U.S. at 167 (admonishing courts to "construe a statute to give every word some operative effect") (citing *Nordic Vill.*, 503 U.S. at 35-36).[9]  The court therefore

---

[9]Cooper maintains, *inter alia*, that recognizing Aviall's claim would provide a § 107(a) claimant a longer period of limitations and a lower standard of proof. "CERCLA contains different statutes of limitations for section 107(a) cost-recovery actions and for section 113 contribution actions." *Geraghty & Miller*, 234 F.3d at 923-24 (citing § 113(g)(2)(B) and 113(g)(3)). Cooper is therefore correct that another consequence of recognizing a direct cost recovery action under § 107(a) by one private PRP against another PRP is to enlarge the limitations period that Congress envisioned for filing what are essentially actions for contribution.

concludes that "any other person" in § 107(a)(4)(B) does not include persons who are PRPs under § 107(a)(1)-(4).

C

This understanding of the plain meaning of § 107(a)(4)(B) is supported by well-reasoned precedent. Before the Supreme Court decided *Cooper Industries*, all the circuits that had addressed the question had concluded that, except for so-called "innocent" PRPs,[10] § 107(a) does not confer on a PRP a claim for cost recovery or contribution against another PRP. These circuits held that § 113(f)(1) explicitly provides PRPs a right of contribution and § 107(a) does not. *See Dico, Inc. v. Amoco Oil Co.*, 340 F.3d 525, 530-31 (8th Cir. 2003); *Morrison Enters. v. McShares, Inc.*, 302 F.3d 1127, 1135 (10th Cir. 2002);[11] *Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 191 F.3d 409, 415 (4th Cir. 1999); *Centerior Serv. Co.*, 153 F.3d at 356; *Pinal Creek Group v. Newmont Mining*

---

[10]*See NutraSweet Co. v. X-L Eng'g Co.*, 227 F.3d 776, 784 (7th Cir. 2000) (holding "innocent" PRP, who "did not pollute the site in any way," was entitled to bring cost recovery action against PRP under § 107); *Rumpke of Ind., Inc. v. Cummins Engine Co.,* 107 F.3d 1235, 1240 (7th Cir. 1997) (holding "innocent" PRP who was not subject to government order or judgment could bring § 107 cost recovery action against PRP); *Akzo Coating, Inc. v. Aigner Corp.*, 30 F.3d 761, 764 (7th Cir. 1994) (noting that "innocent" PRPs may bring § 107 claims in certain instances)

[11]*See Morrison Enters.*, 302 F.3d at 1135 n.2 ("We . . . do not reach the question of whether our analysis would change if a PRP was unable to pursue an action for contribution and would therefore be barred from any recourse under CERCLA."); *see also United States v. Col. & E. R.R. Co.*, 50 F.3d 1530, 1536 (10th Cir. 1995) (holding cross-claim by PRP, defendant in suit by EPA, against other PRP properly characterized as § 113 rather than § 107 cause of action).

*Corp.*, 118 F.3d 1298, 1301 (9th Cir. 1997); *New Castle County v. Halliburton NUS Corp.*, 111 F.3d 1116, 1124 (3d Cir. 1997);[12] *Redwing Carriers*, 94 F.3d at 1496; *United Techs. Corp. v. Browning-Ferris Indus., Inc.*, 33 F.3d 96, 101 (1st Cir. 1994); *Akzo Coating, Inc. v. Aigner Corp.*, 30 F.3d 761, 764 (7th Cir. 1994). Admittedly, the cases involved slightly different factual scenarios than does this one. In all but one——*Pinal Creek Group*, 118 F.3d at 1301——the PRPs seeking relief under § 107(a) had either been held liable or had been the subject of an administrative or court order or judgment. *See Consol. Edison Co. of N.Y. v. UGI Utils., Inc.*, 423 F.3d 90, 102-03 (2d Cir. 2005) (citing cases). Unlike Aviall, the PRPs would presumably have had a § 113(f) contribution action available to them.

Aviall attempts to distinguish these cases on the basis that they were premised on the undisputed right of PRPs to seek cost recovery under CERCLA. It fails, however, to identify the parts of the opinions that relied on the fact that PRPs had an undisputed right to cost recovery. Moreover, the reasoning of the opinions cited the text of CERCLA, its statutory structure, and congressional intent in concluding that PRPs could not bring claims under § 107(a). *See, e.g., Pinal Creek*, 118 F.3d at 1301 ("The text of § 107 leads to the conclusion that only a claim for

---

[12]*See also N.J. Tpk. Auth. v. PPG Indus., Inc.*, 197 F.3d 96, 104 (3d Cir. 1999) (observing PRP's suit against other PRPs properly characterized as one for contribution under § 113).

contribution lies between PRPs."); *Centerior Serv*., 153 F.3d at 350 n.11 ("[P]arties seeking contribution under § 113(f) must look to § 107 to establish the basis and elements of the liability of the defendants, as well as any defenses to that liability."); *United Techs. Corp.*, 33 F.3d at 102 ("[A]ppellants' construction emasculates the contribution protection component of CERCLA's settlement framework.").

As has this court, several decisions focused on the relationship between §§ 107(a) and 113(f) in concluding that § 113(f)——not § 107(a)——is the statutory mechanism for a PRP to recover necessary response costs. *See Centerior Serv. Co.*, 153 F.3d at 352 ("Our reading of the statute limiting the PRP plaintiffs to contribution, gives meaning to the language in § 107(a) referring to any person, as well as the explicit contribution provisions found in § 113(f)."); *Pinal Creek*, 118 F.3d at 1302 ("[W]hile § 107 created the right of contribution, the 'machinery' of § 113 governs and regulates such actions, providing the details and explicit recognition that were missing from the text of § 107 . . . ."); *New Castle County*, 111 F.3d at 1122 ("[S]ection 113 does not in itself create any new liabilities; rather, it confirms the right of a potentially responsible person under section 107 to obtain contribution from other potentially responsible persons."). This court agrees with these decisions to the extent they conclude that, although § 107 creates the general

liability scheme, e.g., by identifying the relevant parties, §§ 107 and 113 create two distinct remedies. Nothing in *Cooper Industries* calls into question this understanding of the relationship between §§ 107 and 113, as described in the pre-*Cooper Industries* circuit case law.

D

The court recognizes that since *Cooper Industries* was decided, the courts that have addressed this question are divided.[13] This

---

[13]*Compare Consol. Edison Co.*, 423 F.3d 90 (allowing PRP to bring § 107(a) claim), *petition for cert. filed*, 74 U.S.L.W. 3600 (U.S. Apr. 14, 2006) (No. 05-1323); *City of Bangor v. Citizens Commc'ns Co.*, ___ F.Supp.2d ___, 2006 WL 1868332 (D. Me. June 27, 2006) (same); *Raytheon Aircraft Co. v. United States*, ___ F.Supp.2d ___, 2006 WL 1517762 (D. Kan. May 26, 2006) (same); *Sunnyside Dev. Corp. v. Opsys U.S. Corp.*, 2006 WL 1128039 (N.D. Cal. Apr. 27, 2006) (same); *McDonald v. Sun Oil Co.*, 423 F.Supp.2d 1114 (D. Or. 2006) (same); *Aggio v. Estate of Aggio*, 2005 WL 2277037 (N.D. Cal. Sept. 19, 2005) (same), *appeal docketed*, No. 06-15989 (9th Cir. May 30, 2006); *Ferguson v. Arcata Redwood Co.*, 2005 WL 1869445 (N.D. Cal. Aug. 5, 2005) (same); *Viacom, Inc. v. United States*, 404 F.Supp.2d 3 (D.D.C. 2005) (same); *Kotrous v. Goss-Jewett Co. of N. Cal.*, 2005 WL 1417152 (E.D. Cal. June 16, 2005) (same); *Adobe Lumber, Inc. v. Taecker*, 2005 WL 1367065 (E.D. Cal. May 24, 2005) (same); *Metro. Water Reclamation Dist. of Greater Chi. v. Lake River Corp.*, 365 F.Supp.2d 913 (N.D. Ill.) (same), *appeal docketed*, No. 05-3299 (7th Cir. Aug. 4, 2005); *Vine Street*, 362 F.Supp.2d 754 (same) *with Spectrum Int'l Holdings, Inc. v. Universal Coops., Inc.*, 2006 WL 2033377 (D. Minn. July 17, 2006) (holding that PRP has no cause of action under § 107(a)); *Adobe Lumber, Inc. v. Hellman*, 2006 WL 349697 (E.D. Cal. Jan. 4) (same), *appeal docketed*, No. 06-16019 (9th Cir. June 7, 2006); *R.E. Goodson Constr. Co. v. Int'l Paper Co.*, 2005 WL 2614927 (D.S.C. Oct. 13, 2005) (same); *Montville Twp. v. Woodmont Builders, LLC*, 2005 WL 2000204 (D.N.J. Aug. 17, 2005) (same); *City of Rialto v. U.S. Dep't of Def.*, 2005 U.S. Dist. LEXIS 26941 (C.D. Cal. Aug. 16) (same), *appeal docketed*, No. 05-56749 (9th Cir. Nov. 22, 2005); *Boarhead Farm Agreement Group v. Advanced Envtl. Tech. Corp.*, 381 F.Supp.2d 427 (E.D. Pa. 2005) (same); *Blue Tee Corp. v. ASARCO, Inc.*, 2005 WL 1532955, at *6 (W.D. Mo. June 27, 2005) (same); *Atl. Research Corp. v. United*

court, which undoubtedly will not have the final word on this question, has reached the conclusion that § 107(a) does not confer on a private PRP a statutory right to bring a cost recovery action. Congress created a separate remedy in § 113(f)——the contribution provision——for private PRPs to recover response costs from other PRPs. Because Aviall concedes that it is a PRP, it is relegated to bringing an action against Cooper under § 113(f), after the conditions for doing so have been met.[14]  If this interpretation of CERCLA leaves a remedial gap that Congress thinks it wise to fill, it can do so by amending CERCLA.

---

*States*, 2005 U.S. Dist. LEXIS 20484 (W.D. Ark. June 1) (same), *appeal docketed*, No. 05-3152 (8th Cir. Aug. 8, 2005); *City of Waukesha v. Viacom Int'l Inc.*, 362 F.Supp.2d 1025 (E.D. Wis. 2005) (same); *Mercury Mall Assocs. v. Nick's Mkt., Inc.*, 368 F.Supp.2d 513 (E.D. Va. 2005) (same).  Before the Second Circuit decided *Consolidated Edison*, district courts in the circuit had concluded that PRPs were barred from bringing § 107(a) claims. *See, e.g., Elementis Chems., Inc. v. TH Agric. & Nutrition, LLC*, 373 F.Supp.2d 257 (S.D.N.Y. 2005).

[14]In view of this conclusion, the court need not reach Cooper's alternative summary judgment contention that Aviall has not met the National Contingency Plan requirements for asserting such a claim.

IV

The court considers next whether Aviall can bring a contribution claim against Cooper under § 107(a) or federal common law.

In *Cooper Industries* the Supreme Court noted that, after CERLCA was enacted but before it was amended by the Superfund Amendments and Reauthorization Act ("SARA"), "[a] number of District Courts nonetheless held that, although CERCLA did not mention the word 'contribution,' such a right arose either impliedly from provisions of the statute, or as a matter of federal common law." *Cooper Indus.*, 543 U.S. at 162 (collecting cases). The Court observed that this "conclusion was debatable in light of two decisions of this Court that refused to recognize implied or common-law rights to contribution in other federal statutes." *Id.* (citing *Tex. Indus., Inc. v. Radcliffe Materials*, *Inc.*, 451 U.S. 630, 638-47 (1981) (declining to recognize implied or common-law contribution right under Sherman Act or Clayton Act); *Nw. Airlines, Inc. v. Transport Workers Union of Am.*, 451 U.S. 77, 90-99 (1981) (declining to recognize implied or common-law contribution right in Equal Pay Act of 1963 or Title VII of the Civil Rights Act of 1964); *see also Aviall Servs.*, 312 F.3d at 683 (citing *Texas Industries* and *Northwest Airlines* and noting that they "had cast doubt on the ability of federal courts to fashion implied rights of contribution under federal statutes"). In addressing the

possibility that Aviall would opt "to frame its § 107 claim on remand as an implied right of contribution (as opposed to a right of cost recovery)," the Court explicitly declined to decide "whether any judicially implied right of contribution survived the passage of SARA." *Cooper Indus.*, 543 U.S. at 170-71.  Its observations nevertheless suggest disapproval of such an argument. It noted that it had "visited the subject of implied rights of contribution before," and it cited *Texas Industries*, in which it had declined to recognize an implied or common-law contribution right.  *Id.* at 171.  And the Court "also note[d] that, in enacting § 113(f)(1), Congress explicitly recognized a particular set (claims 'during or following' the specified civil actions) of the contribution rights previously implied by courts from provisions of CERCLA and the common law."  *Id.* (citing *Transamerica Mortgage Advisors, Inc. v. Lewis,* 444 U.S. 11, 19 (1979)).

These observations are consistent with settled principles that the Supreme Court has applied in choosing whether to recognize implied remedies generally and in CERCLA in particular.  Concerning implying remedies under federal common law, the Supreme Court has stated that "contribution does not implicate 'uniquely federal interests' of the kind that oblige courts to formulate federal common law." *Texas Indus.*, 451 U.S. at 642.  Moreover, it is a "'frequently stated principle of statutory construction . . . that when legislation expressly provides a particular remedy or

remedies, courts should not expand the coverage of the statute to subsume other remedies.'"  *Nw. Airlines*, 451 U.S. at 94 n.30 (quoting *Nat'l R.R. Passenger Corp v. Nat'l Ass'n of R.R. Passengers*, 414 U.S. 453, 458 (1974)). "In the absence of strong indicia of contrary congressional intent, we are compelled to conclude that Congress provided precisely the remedies it considered appropriate." *Middlesex County Sewerage Auth. v. Nat'l Sea Claims Ass'n*, 453 U.S. 1, 15 (1981). It is an "elemental canon of statutory construction that where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Transamerica Mortgage,* 444 U.S. at 19. "[W]here Congress has provided 'elaborate enforcement provisions' for remedying the violation of a federal statute, as Congress has done with . . . CERCLA, 'it cannot be assumed that Congress intended to authorize by implication additional judicial remedies . . . .'" *Meghrig v. KFC W., Inc.*, 516 U.S. 479, 487-88 (1996) (quoting *Middlesex County*, 453 U.S. at 14).

Section 113(f)(1) provides a PRP the express right to seek contribution from another PRP; § 107(a) does not. Considering the Supreme Court's cautionary statements in *Cooper Industries* and other decisions that reject the adoption of implied remedies—particularly where, as here, the statute expressly confers a right of contribution—the court holds there is no implied right of contribution under § 107(a) or federal common law.

Moreover, in *Cooper Industries* the Court addressed the proper interpretation of § 113(f)(1).  It reasoned that

> if § 113(f)(1) were read to authorize contribution actions at any time, regardless of the existence of a § 106 or § 107(a) civil action, then Congress need not have included the explicit "during or following" condition. In other words, Aviall's reading would render part of the statute entirely superfluous, something we are loath to do.  Likewise, if § 113(f)(1) authorizes contribution actions at any time, § 113(f)(3)(B), which permits contribution actions after settlement, is equally superfluous.  There is no reason why Congress would bother to specify conditions under which a person may bring a contribution claim, and at the same time allow contribution actions absent those conditions.

*Cooper Indus.*, 543 U.S. at 166 (citation omitted).  Applying this rationale to the proper interpretation of § 107(a), if the explicit "during or following" condition of § 113(f)(1) would be rendered superfluous by reading § 113(f)(1) to authorize a contribution action at any time, it would be even more so if § 107(a) were construed to authorize a contribution action at all, since it likewise contains no "during or following" limitation.  As the Court explained in *Cooper Industries*, there is no reason why Congress would specify such a condition yet also allow a contribution action absent the condition.  Moreover, for all the reasons explained *supra* at § III(B), § 113(f)(1) and (3)(B) would in their entirety be rendered superfluous, insignificant, or, in some instances, devoid of operative effect if § 107(a) were construed to confer an implied right of contribution under CERCLA

- 26 -

or federal common law.

Accordingly, the court holds that a private PRP who seeks to recover from another PRP under CERCLA is limited to bringing a contribution action under § 113(f).   Section 107(a) and federal common law do not confer this right.

\*       \*       \*

The court grants Cooper's November 14, 2005 motion for partial summary judgment on federal claims and dismisses with prejudice Aviall's CERCLA § 107(a) cost recovery and § 107(a) and federal common law contribution claims—i.e., the first, second, and third claims of its third complaint.   As in *Aviall Services*, 2000 WL 31730, at *5, having dismissed Aviall's federal question claims on the merits,[15] the court declines to exercise supplemental jurisdiction over its remaining state-law claims and dismisses them without prejudice.[16]

**SO ORDERED.**

August 8, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[15]Although Aviall seeks relief under the federal Declaratory Judgment Act, it is not an independent source of jurisdiction. *See Aviall Services*, 2000 WL 31730, at *5.

[16]The court also dismisses without prejudice Cooper's counterclaims.